No. 25-1209

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

vs.

JEFF MCGRAW,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Illinois
Case No. 1:23-CR-00028
The Honorable Judge Edmond E. Chang

REPLY BRIEF OF
DEFENDANT-APPELLANT, JEFF MCGRAW

FEDERAL PUBLIC DEFENDER
CENTRAL DISTRICT OF ILLINOIS
401 Main Street, Suite 1500
Peoria, Illinois 61602
Telephone: (309) 671-7891
Fax: (309) 671-7898
Email: Johanna_Christiansen@fd.org

THOMAS W. PATTON
Federal Public Defender

JOHANNA M. CHRISTIANSEN
Assistant Federal Public Defender

Attorneys for Defendant-Appellant,
JEFF MCGRAW

**ORAL ARGUMENT REQUESTED**

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES .......... iii

ISSUES PRESENTED FOR REVIEW .......... 1

ARGUMENT .......... 2

I. The district court erred by applying the four level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) finding Mr. McGraw possessed a firearm in connection with another felony offense, where the district court failed to find an essential element of the other felony offense. .......... 2

II. The district court erred by imposing two conditions of supervised release that this Court has held are duplicative and should not be imposed together absent specific justification. .......... 7

CONCLUSION .......... 10

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B) .......... 11

## TABLE OF AUTHORITIES

**PAGE**

### Cases

*People v. Denison*, 2021 Ill. App. Unpub. LEXIS 2173 (Ill. App. Ct. Dec. 15, 2021) .......... 5, 6
*People v. Moreira*, 880 N.E.2d 263 (Ill App. Ct. 2007) .......... 2, 3
*United States v. Cruz-Rivera*, 74 F.4th 503 (7th Cir. 2023) .......... 8
*United States v. Morgan*, 987 F.3d 627 (7th Cir. 2021) .......... 8

### Statutes

18 U.S.C. § 3553(a) .......... 6
720 ILCS 5/19-6 (2022) .......... 2

### Other Authorities

1 Illinois Pattern Jury Instructions – Criminal 11.53 .......... 3
1 Illinois Pattern Jury Instructions - Criminal 11.53A .......... 3
1 Illinois Pattern Jury Instructions - Criminal 11.54 .......... 3
U.S.S.G. § 2K2.1(b)(6)(B) .......... 1, 2, 7

## ISSUES PRESENTED FOR REVIEW

I. Whether the district court erred by applying the four level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) finding Mr. McGraw possessed a firearm in connection with another felony offense, where the district court failed to find an essential element of the other felony offense?

II. Whether the district court erred by imposing two conditions of supervised release that this Court has held are duplicative and should not be imposed together absent specific justification?

## ARGUMENT

**I. The district court erred by applying the four level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) finding Mr. McGraw possessed a firearm in connection with another felony offense, where the district court failed to find an essential element of the other felony offense.**

Mr. McGraw received a four level enhancement to his base offense level based on the district court's determination he used or possessed a firearm "in connection with another felony offense." The only felony offense at issue here is Illinois home invasion. *See* 720 ILCS 5/19-6(a) (2022). The district court found that the "remains in" portion of the first paragraph of subsection (a) applied and the sub-subsection (3) applied. (App. 3.) In its response, the government correctly notes that the district court focused on the "remains" portion of the home invasion statute. (Gov't Br. 16.) Specifically, the district court held, "For as a matter of law under 720 ILCS Chapter 5, Section 19-6, subsection (a)(3), it is a home invasion to knowingly enter and remain in the residence until a defendant knows that persons are present, and then subsection (a)(3) is while armed with a firearm and then threatens the imminent use of force. So that is a felony." (App. 3.) Mr. McGraw has no dispute with this finding.

In furtherance of its argument in response, the government cites *People v. Moreira*, an Illinois appellate court decision, which interpreted the meaning of "remains." *See People v. Moreira,* 880 N.E.2d 263, 270 (Ill App. Ct. 2007). The appellate court concluded "the word 'remains' merely requires that the

*unauthorized entrant* be present in the dwelling, regardless of whether he or she intends to wait for a person to enter the dwelling." *Id.* (emphasis added). Mr. McGraw agrees with this definition of "remains" but notes it is not at issue here. *Moreira* addressed solely the "remains" aspect of the statute and did not touch on the issue of intent at the time of entry, which is at issue here. *See id.* (noting the defendant argued on appeal the word "remains" is ambiguous and did not contest that he entered without authority).

The government is deflecting from the actual issue in the present case. The issue is not whether Mr. McGraw remained in the house because it is clear he did. The issue is whether he was an unauthorized entrant and/or had the intent to commit a crime at the time of entry. It is the second part of the district court's finding that is erroneous; its finding that, "it doesn't matter, that form of home invasion does not require that the defendant enter without authorization which is I think the argument that the defense had fairly made as to the most common form of home invasion, which is entering without authorization." (App. 3.) This holding was simply inaccurate as a matter of Illinois law. All forms of home invasion in Illinois require that the defendant enter without authorization. *See* 1 Illinois Pattern Jury Instructions – Criminal 11.53 (Definition of Home Invasion), 11.53A (Unauthorized Entry – Limited Authority Doctrine), 11.54 (Issues in Home Invasion). The court found Mr. McGraw possessed a firearm in

connection with another felony but failed to accurately find the elements of the other felony.

So, we return to the actual issue here. Was Mr. McGraw's entry into the home authorized and/or did he possess criminal intent at the time of entry? The government places great emphasis on Jones's testimony that Mr. McGraw punched her "immediately" when he entered the house. (Gov't Br. 17.) As such, the government argues "the record and the district court's findings are inconsistent with [Jones] inviting [Mr. McGraw] into her home." (Gov't Br. 17-18.) But there is a reason the court did not make findings about authority and intent; it believed it did not have to because it believed that portion of the statute did not require unauthorized entry. The court's findings support the fact that Mr. McGraw punched Jones after entering the home but none of its findings support that he entered without authority or had the intent to commit a crime upon entering.

Importantly, the district court did not discredit Mr. McGraw's version of the events. Mr. McGraw showed by a preponderance of the evidence that Jones allowed him to enter and he did not come to the house with criminal intent. Mr. McGraw and Jones had been in a long-term romantic relationship and he frequently stayed with Jones at the house. (R. 124, p. 2.) He kept some of his personal belongings there. (R. 124, p. 2.) Immediately prior to the incident, Jones

told Mr. McGraw to get his personal items out of the house or she would burn them. (R. 124, p. 3.) When he arrived at the house, Jones let him into the foyer to retrieve his belongings. (R. 124, p. 3.) This is evidence that Mr. McGraw's entrance was authorized by Jones and his intent was to get his personal belongings. It is also consistent with the testimony the district court credited that Jones opened the door and "immediately" punched Jones in the face. "Immediately" is not defined in any testimony given by McDonald or Jones. In addition, the location of Jones on the floor is not defined other than McDonald stating it was "near the front door." (R. 127, p. 12; R. 126, p. 12.)

To support its argument that "immediately" punching someone shows unauthorized entry and/or criminal intent, the government relies on an unpublished Illinois appellate court opinion. *See People v. Denison,* 2021 Ill. App. Unpub. LEXIS 2173 (Ill. App. Ct. Dec. 15, 2021). The government asserts the holding in *Denison* is that the "defendant lacked authority to enter the home where she immediately attacked the victim upon entering." (Gov't Br. 19.) This is untrue and not based on the facts of *Denison*. The defendant in that case entered the victim's home by "barging in," asking the victim's son where she was, and then going through the house to the bathroom where the victim was. *Denison,* 2021 Ill. App. Unpub. LEXIS 2173 at **6. The victim told the defendant she was going to call the police, the defendant said, "You would" and then

physically assaulted the victim. *Id.* at **4-**5. The appellate court specifically found the defendant went to the victim's home with the intent to batter her and, as a result, lacked authority to enter the home. *Id.* at **13-**14.

The appellate court stated the defendant battered the victim as soon as she entered *into the bathroom*, not upon entry into the house. *Id.* at **20. But those facts are not part of the holding in the case, which involved whether the defendant was authorized to enter the home. The appellate court held that the defendant entered the home with the intent to batter the victim and, as a result, she lacked authority to enter. *Id.* at **14. This case is not similar to the present case and does not support the government's argument.

The government argues that even if Mr. McGraw had authority, he exceeded any authority given because he possessed criminal intent at the time of his entry. (Gov't Br. 18.) However, the district court did not make this finding and, in fact, made no findings about his intent at the time he entered. And on this record, the court could not make findings regarding his criminal intent because the only evidence of Mr. McGraw's intent was his own statement that he went to the house to retrieve his belongings. No evidence contradicted his statements about his intent.

The government is correct when the district court found that Mr. McGraw's possession of a firearm went beyond just possessing a firearm s a

felon. (Gov't Br. 21.) These findings were appropriate under the § 3553(a) factors. But they were not enough to support an actual finding as required by the guideline § 2K2.1(b)(6)(B). Mr. McGraw's conduct may have been reprehensible, but the guidelines require the court to find that he possessed a firearm in connection with another felony in order to assess the enhancement. If the court fails to find the elements of that other felony, the enhancement cannot be assessed. For these reasons, this matter must be remanded for resentencing.

## II. The district court erred by imposing two conditions of supervised release that this Court has held are duplicative and should not be imposed together absent specific justification.

There are two discretionary conditions of supervised release at issue here, as follows:

> ☒ (16) ☒ you shall permit a probation officer to visit you ☒ at any reasonable time or ☐ as specified:
>
> > ☒ at home ☐ at work ☐ at school ☐ at a community service location
> >
> > ☒ other reasonable location specified by a probation officer. If the Defendant objects to a specific location (which could include the workplace), then the Defendant may file, within seven days of being notified of the location, a written objection with the Court.
>
> ☒ you shall permit confiscation of any contraband observed in plain view of the probation officer.
>
> . . . .
>
> ☒ (24) Other: You shall submit your person, property, house, residence, vehicle, and papers to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to

> searches pursuant to this condition. An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of your supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

(App. 34-35.) The district court did not provide additional justification to allow both conditions to be imposed in this case.

The government's brief primarily focuses on the imposition of condition 24 but argues that the district court adequately justified imposing both conditions of supervised release. (Gov't Br. 23.) This may be true but the district court did not explain why both were needed as required in *Morgan.* Under *Morgan,* the two conditions should not be imposed at the same time absent extraordinary circumstances. *United States v. Morgan*, 987 F.3d 627, 634-35 (7th Cir. 2021). Condition 24 is a condition typically imposed on sex offenders and may be appropriate for some sex offenders, even in conjunction with Condition 16. *Morgan*, 987 F.3d at 634, *see also United States v. Cruz-Rivera,* 74 F.4th 503, 514 (7th Cir. 2023). But, in order to impose both conditions, additional findings must be made.

Granted, *Morgan* did not hold that the imposition of both "search conditions always results in a greater deprivation of liberty than necessary." *See Cruz-Rivera*, 74 F.4th at 514. The Court noted that the provisions of these conditions were substantially the same and the district court did not explain why

both conditions were necessary and reversed for the district court to address the overlap. *Morgan*, 987 F.3d at 635. While the district court here made findings sufficient perhaps for one search provision here, it did not make findings as to both. And it did not find any "extraordinary circumstances" justifying both conditions, aside from Mr. McGraw's criminal history. The court's statements about his criminal history were not enough to support both conditions.

The government points out the two conditions have distinct purposes – condition 16 allows visits by the probation officer and seizure of items in plain view and condition 24 allows searches by the probation officer with probable cause. (Gov't Br. 25.) While that may be true, the fact that both of these provisions allow searches by the probation officer, just under different standards, is a greater deprivation of liberty than necessary. The government suggests that the plain view search and seizure in Condition 16 could lead to the search with reasonable suspicion in Condition 24. If they are intended to work together in this way, there is no reason for imposing two separate conditions. One condition should be sufficient. For these reasons, and the reasons detailed in the Opening Brief, this matter should also be remanded for the district court to either make appropriate findings for imposing both conditions or remove one condition.

## CONCLUSION

Defendant-Appellant Jeff McGraw respectfully requests this Court reverse and remand this matter for resentencing.

Respectfully submitted,
THOMAS W. PATTON
Federal Public Defender

s/ Johanna M. Christiansen
JOHANNA M. CHRISTIANSEN
Assistant Federal Public Defender

Attorneys for Defendant-Appellant,
JEFF MCGRAW

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(B)**

The undersigned certifies that this brief complies with the volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) and Circuit Rule 32 in that it contains 2,121 words and 189 lines of text as shown by Microsoft Word 2016 used in preparing this brief.

s/ Johanna M. Christiansen
JOHANNA M. CHRISTIANSEN

Dated: January 29, 2026